

Case 1:20-cv-01396-PKC-LB   Document 1   Filed 03/13/20   Page 1 of 7 PageID #: 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHEN, J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 13 2020 ★
BROOKLYN OFFICE

BLOOM, M.J.

JULNER DESMORNES,

    Plaintiff,

v.

MTA OFFICER LOVERDI, shield # P001726; MTA OFFICER OLIVARES, shield # 2534; MTA SGT. SINGH, shield # 358;

    Defendants.

CV 20 - 1396

Jury Trial Demanded (Yes X) (No __)



## COMPLAINT

Pro se plaintiff Julner Desmornes[1] hereby alleges as follows for his Complaint:

1. This is an action alleging a violation of Plaintiff's civil rights in violation of the Fourth and Fifth Amendments to the Constitution and 42 U.S.C. § 1983.

### PARTIES

2. Plaintiff Julner Desmornes resides in Queens, New York.

3. Defendant MTA Officer Loverdi is a citizen and resident of the State of New York, employed by the Metropolitan Transit Authority Police Department. Defendant was acting in furtherance of his employment as described in this Complaint.

4. Defendant MTA Officer Olivares is a citizen and resident of the State of New York, employed by the Metropolitan Transit Authority Police Department. Defendant was acting in furtherance of his employment as described in this Complaint.

---

[1] This pleading was drafted with the help of an attorney in the City Bar Justice Center's Pro Se Legal Assistance Project.

1

5. Defendant MTA Sgt. Singh is a citizen and resident of the State of New York, employed by the Metropolitan Transit Authority Police Department. Defendant was acting in furtherance of his employment as described in this Complaint.

## JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution.

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

8. Venue is proper in this district because the actions underlying the complaint occurred in this district.

## STATEMENT OF FACTS

9. Plaintiff works as a medical assistant and is on a leave of absence from medical school.

10. On or about March 18, 2017, in the late afternoon, Plaintiff parked his white rental sedan on the street outside the Jamaica Long Island Railroad station.

11. Plaintiff was waiting to pick up a passenger disembarking from the Long Island Railroad.

12. Plaintiff left his New York driver's license on the dashboard of the sedan, as was his practice.

13. Plaintiff began this practice of leaving his driver's license on the dashboard while he drove so that in the unlikely event he was pulled over by police officers, he would not need to reach into his pocket for identification. Plaintiff had heard news reports about drivers being shot by police officers during traffic stops when officers mistook the drivers reaching into their pockets for identification as reaching for a weapon. Since then, Plaintiff has exercised caution whenever dealing with police officers.

14. Around 4:30 pm on March 18, 2017, Plaintiff exited his rental car and stood on the sidewalk in front of the monitors showing train arrival times.

15. Defendant MTA Sgt. Singh approached Plaintiff's rental car, which was parked in a queue with other taxis and cars.

16. Plaintiff told Sgt. Singh that he would move his car.

17. Sgt. Singh stepped between Plaintiff and the car and demanded Plaintiff's identification.

18. Plaintiff responded that his driver's license was in the car, on the dashboard.

19. Sgt. Singh continued to demand that Plaintiff produce his identification.

20. Plaintiff repeated that his identification was in his car.  Plaintiff also said to Sgt. Singh that it did not seem necessary to produce identification because Plaintiff would happily move his car, and the car was not in motion at the time.

21. Five or six MTA officers showed up at the scene.

22. Defendant MTA Officers Olivares and Loverdi approached Plaintiff, one from behind and the other circling in front.

23. Plaintiff felt afraid, concerned for his safety, and singled out by the MTA officers.

24. Plaintiff stated, in sum and substance, "I feel like my rights are being violated. I have not committed any crime.  Why am I being treated like this?"

25. Sgt. Singh responded, in sum and substance, "Are you being a street lawyer?"

26. Plaintiff observed an unidentified male MTA officer make a radio call.  Plaintiff heard this officer say the words "stolen vehicle."

27. MTA Officers Olivares and Loverdi approached Plaintiff.  Plaintiff dropped his car key or handed the car key to the officers.

3

28. At some point, Officer Loverdi left the scene briefly. When Officer Loverdi returned, he claimed that he had been cut by Plaintiff's car key.

29. MTA Officers Olivares and Loverdi wrenched Plaintiff's right arm back and handcuffed Plaintiff behind his back.

30. Plaintiff experienced pain from his right arm being wrenched, which caused a tear in his right superior labrum.

31. Plaintiff had to undergo physical therapy to mitigate the pain from this injury and to facilitate movement of his right shoulder.

32. Plaintiff was locked in a cell at a nearby MTA District station for a couple of hours.

33. Plaintiff was then transported to Queens County Court on Queens Boulevard where he remained incarcerated for a couple of hours and released.

34. Plaintiff was charged with third degree assault, obstructing government administration, and resisting arrest.

35. Plaintiff's rental car was impounded from Jamaica station during Plaintiff's incarceration.

36. The car was released from impound to the rental agency, which charged Plaintiff for an extra day and for the cost of returning the car to the rental agency located in New Jersey.

37. Plaintiff was forced to spend time vigorously defending the criminal charges against him in Queens County Criminal Court.

38. Instead of applying for and pursuing valuable job opportunities, Plaintiff was forced to appear repeatedly in Queens County Criminal Court and spend his mental energy focused on defending his case.

39. On ___, the Queens County Criminal Court ruled that Officers Loverdi and Oliveras lacked probable cause to arrest Plaintiff and granted a Motion to Supress.

40. Plaintiff's criminal charges were ultimately dismissed and sealed.

41. Because of Plaintiff's medical career, he has always exercised good judgment and been careful to live a law-abiding and cautious life. Plaintiff has no prior criminal record and has never previously been charged with a crime.

42. Defendants' violation of Plaintiff's rights on March 18, 2017 caused Plaintiff anxiety and humiliation. Since the arrest, Plaintiff continues to experience occasional hyperawareness, anxiety, and panic whenever he is driving and sees police officers.

## FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983: EXCESSIVE FORCE

43. The Plaintiff realleges the foregoing paragraphs as if fully incorporated here.

44. On or about March 18, 2017, Defendants MTA Officers Olivares and Loverdi, acting under color of state law, subjected Plaintiff to excessive force by wrenching Plaintiff's right arm and tearing a ligament in his shoulder, in violation of Plaintiff's rights under the Fourth Amendment.

45. Defendants' actions were an excessive, unreasonable use of force.

46. As a result of Defendant's use of excessive force, Plaintiff suffered physical pain, a torn superior labrum requiring physical therapy, emotional distress, humiliation, and anxiety.

## SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983: FALSE ARREST

47. Plaintiff realleges the foregoing paragraphs if fully incorporated here.

48. Defendants Stg. Singh, MTA Officer Olivares, and MTA Officer Loverdi lacked probable cause to arrest and charge Plaintiff with offenses, violations, or crimes.

49. Defendants' wrongful arrest of Plaintiff was made while acting under color of law and deprived Plaintiff of his Fourth Amendment right to be free from unreasonable seizure.

50. As a direct consequence of Defendant's actions, Plaintiff was deprived of his freedom, subject to great emotional and mental harm, and subject to great fear, anxiety, and humiliation.

### THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983: MALICIOUS PROSECUTION

51. Plaintiff realleges the foregoing paragraphs as if fully incorporated here.

52. Defendant __ signed the Criminal Complaint charging Plaintiff with third degree assault, resisting arrest, obstructing governmental administration, and a parking violation on ___.

53. Defendant __ lacked reasonable cause to justify detaining, charging, or prosecuting Plaintiff for third degree assault, obstructing governmental administration, resisting arrest, and a parking violation.

54. Without probable cause, Defendant wrongfully arrested and detained Plaintiff.

55. The subsequent malicious prosecution of Plaintiff following his wrongful arrest, which was conducted by Defendant [] with knowledge that Plaintiff was wrongfully arrested and detained, was committed by Defendant acting under color of law.

56. Defendant's malicious prosecution of Plaintiff violated Plaintiff's rights under the Fifth Amendment.

57. Defendant's malicious prosecution of Plaintiff caused Plaintiff to suffer mental injury.

58. Defendant's malicious prosecution of Plaintiff prevented Plaintiff from pursuing employment opportunities by forcing Plaintiff to spend his time and energies defending the criminal case.

WHEREFORE, Plaintiff demands judgment against Defendants:

   a) Compensatory and punitive damages for his First, Second, and Third Causes of Action in an amount to be determined at trial;

b) Declaratory judgment that Defendants willfully violated Plaintiff's rights under the U.S. Constitution as alleged herein;

c) Injunctive relief as may be appropriate to prevent any future violations of federal law;

d) Attorney's fees and costs;

e) And any such further relief as this Court deems appropriate, including costs pursuant to 42 U.S.C. § 1988.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: 3/13/2020
Brooklyn, NY

*[Signature]*
Julner Desmornes
Plaintiff, *pro se*

2308 Mott Ave
FAR Rockaway
NY 11691 APT 3G

Address For the Defendant
Officer Loverdi
93-43 Sutphin Blvd, Jamaica, NY 11435

Officer Olivares
93-43 Sutphin Blvd.
Jamaica NY 11435

OFF/Sgt Singh
93-43 Sutphin Blvd
Jamaica NY 11435

7